## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:05CV221

| | |
|---|---|
| DALE E. RUFF,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| Vs.      ) | **ORDER OF DISMISSAL** |
| ) | |
| U.S. DEPARTMENT OF LABOR,      ) | |
| ) | |
| Defendant.      ) | |
| _____) | |

**THIS MATTER** is before the Court on the Plaintiff's motion to proceed without the prepayment of fees, his affidavit in support thereof and his proposed complaint. The motion will be granted, but the complaint will be filed and dismissed as frivolous.

"Federal courts have statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis*." ***DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003).** The Plaintiff appears *pro se* in this litigation but is not incarcerated. Thus, the provisions of § 1915 which require that a prisoner pay the filing fee, *albeit* over a period of time, do not apply. *Id.* Because the Court finds the Plaintiff has established the inability to pay and a lack of assets, he will be allow to proceed without the prepayment of filing and other fees. ***Id.*, at 399.**

The Plaintiff claims that the United States Department of Labor is allowing the federal government to use taxpayer funds to pay federal employees who work on religious holidays, in violation of the separation of church and state clause of the Constitution. He makes the same claim as to state employees and individuals or businesses which contract with either

2

governmental entity.  No case or statutory law is cited in support of this argument.  Nor does the Plaintiff allege he is a taxpayer with standing to bring a cause of action based on the use of taxpayers' funds.  To the contrary; according to his application in support of the motion to proceed without prepayment of fees, the Plaintiff is unemployed and receives social security and disability benefits.

This Court has an obligation to conduct a careful review of *pro se* complaints prior to filing in order to ascertain whether the complaint has legal merit.  ***Neitzke v. Williams*, 490 U.S. 319, 325 (1989).**  Section 1915 also provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that . . . the action [] is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."  **28 U.S.C. § 1915(e)(2) (emphasis added).**  Under this statutory proscription, the district court must dismiss such a case and it is the intent of Congress that such dismissals occur prior to service of the complaint on defendants.  ***Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *White v. White*, 886 F.2d 721 (4th Cir. 1989).**  "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'"  ***Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke, supra*, at 327).**

> This standard encompasses complaints that are either legally *or* factually baseless. The statutory language dictates a high degree of deference to the discretion of district courts.  A claim can be dismissed whenever a district court is "satisfied" the claim is frivolous.  Moreover, the term frivolousness itself contemplates deference because "as a practical matter, it is simply not susceptible to categorical definition."

3

*Cochran*, **73 F.3d at 1316 (quoting *Adams, supra*, at 74) (other citations omitted).** Having

read the complaint, the undersigned finds the allegations of the complaint are frivolous and most

likely designed to harass. Moreover, the facts, accepting them as alleged in the complaint, assert

allegations which are "clearly baseless" and therefore factually frivolous. ***Brown v. Briscoe*, 998**

**F.2d 201, 203 (4ᵗʰ Cir. 1993) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also,***

***White v. Gregory*, 1 F.3d 267 (4ᵗʰ Cir. 1993).**

       **IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to proceed without the

prepayment of fees is hereby **GRANTED**; and

       **IT IS FURTHER ORDERED** that the complaint shall be filed and dismissed as

frivolous without the service of process.

4

**Signed: June 8, 2005**

Lacy H. Thornburg
United States District Judge